IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JENNIFER MICHELLE SCHRADER                      PLAINTIFF

v.                      CIVIL NO. 17-5088

NANCY A. BERRYHILL, Commissioner
Social Security Administration                                  DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Jennifer Michelle Schrader, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

Plaintiff protectively filed her current application for DIB on September 17, 2014, alleging an inability to work since July 15, 2003,[1] due to borderline personality disorder, depression with bi-polar tendencies, pelvic adhesion disorder, re-occurring abdominal tumors, chronic kidney stones, chronic pain, endometriosis, chronic fatigue, chronic pelvic pain, irritable bowel syndrome, high blood pressure, ovarian cysts and anxiety. (Tr. 71-72, 158). For DIB purposes, Plaintiff maintained insured status through September 30, 2013. (Tr. 19,

---

[1] In an Amendments to Application dated January 22, 2015, Plaintiff amended her alleged onset to August 2, 2009. (Tr. 165).

1

174). An administrative hearing was held on October 16, 2015, at which Plaintiff appeared with counsel and testified. (Tr. 36-69).

By written decision dated February 17, 2016, the ALJ found that prior to the expiration of her insured status, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 21). Specifically, the ALJ found that through the date last insured Plaintiff had the following severe impairments: disorder of the female organs and hypertension. However, after reviewing all of the evidence presented, the ALJ determined that through the date last insured Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 24). The ALJ found that through the date last insured Plaintiff retained the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 404.1567(a) except the claimant can occasionally climb, balance, crawl, kneel, stoop, and crouch.

(Tr. 25). With the help of a vocational expert, the ALJ determined that through the date last insured Plaintiff could perform her past relevant work as a financial aid loan counselor. (Tr. 28).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on March 24, 2017. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 14, 15).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must

2

be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 17th day of May 2018.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE